Matthew J. Kreutzer, Esq.
Nevada Bar. No. 8834,
Jennifer A. Gores, Esq.
Nevada Bar No. 11383
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone:  702.678.5070
Facsimile:  702.878.9995

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BYW FRANCHISE DEVELOPMENT, a Nevada limited liability company,<br><br>   Plaintiff,<br><br>   vs.<br><br>JH DEVINE INVESTMENTS 10, INC., a California corporation, and CHERIE HUILLADE, a California citizen,<br><br>   Defendants. | CASE NO.: 2:11-CV-01568-GMN-GWF<br><br>**MOTION TO VACATE PRELIMINARY INJUNCTION HEARING SET FOR FRIDAY, OCTOBER 7, 2011** |

   Plaintiff BYW Franchise Development, LLC ("BYW"), by and through counsel, moves this Court to vacate the hearing set on BYW's Motion for a Preliminary Injunction, which was set by the Court's Order dated September 30, 2011.  In support of this Motion, BYW states as follows:

   1.   On October 4, 2011, BYW's counsel, Matthew Kreutzer, received a call from David Reaves, Esq., who is the Chapter 7 bankruptcy Trustee for the individual debtor, Tonja Demoff, in a case currently pending in the United States Bankruptcy Court for the District of Arizona, Case No. 2:10-bk-00303-RTB.  Mr. Reaves stated that it is his position that BYW is 100% owned by Ms. Demoff, and Ms. Demoff's ownership interest in BYW constitutes the property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

   2.   Mr. Reaves told BYW's counsel that Ms. Demoff has no authority to act on behalf of BYW, and that the actions of Ms. Demoff in filing this lawsuit have not been authorized by the

1

1. bankruptcy estate, Mr. Reaves, or the Court. Mr. Reaves followed the telephone discussion with a letter to Mr. Kreutzer confirming the conversation. A copy of the letter from Mr. Reaves is attached hereto as "**Exhibit 1**."

3. Ms. Demoff is the primary client contact for BYW, and is the individual who authorized BYW's counsel to file the instant lawsuit. Mr. Reaves has not authorized plaintiff's counsel to file or proceed with this lawsuit.

4. Due to the conflicting positions and instructions from Ms. Demoff and Mr. Reaves, plaintiff's counsel is unable to proceed with representing BYW in this lawsuit or at the scheduled hearing until the issue of control of BYW has been resolved.

WHEREFORE, BYW respectfully request that this Court vacate the preliminary injunction hearing presently set for October 7, 2011.

Respectfully Submitted,

Dated this 5th day of October, 2011.          ARMSTRONG TEASDALE LLP

By: */s/ Matthew J. Kreutzer*
　　Matthew J. Kreutzer
　　3770 Howard Hughes Parkway, Ste 200
　　Las Vegas, Nevada 89169
　　Telephone:  702.678.5070
　　Facsimile:  702.878.9995
　　mkreutzer@armstrongteasdale.com

*Attorneys for Plaintiff*

IT IS SO ORDERED this _6th_ day of October, 2011.

_____
Gloria M. Navarro
United States District Judge

# EXHIBIT 1

# DAVID M. REAVES

## BANKRUPTCY TRUSTEE

POST OFFICE BOX 44320
PHOENIX, ARIZONA 85064-4320
(602) 241-0101
trustee@reaves-law.com

October 4, 2011

Louis M. Bubala
Matthew J. Kreutzer
Armstrong Teasdale, LLP
3770 Howard Hughes Pkwy, Suite 200
Las Vegas, Nevada 89169

    Re: In re Tonya Lee Demoff
        Chapter 7 Case No. 2:10-bk-00303-RTB

Dear Mr. Bubala and Mr. Kreutzer:

    As we discussed, I am the Chapter 7 trustee for the above debtor, Tonya Demoff. I discovered today that your firm has filed an action on behalf of an entity known as BYW Franchise Development, LLC ("BYW"). BYW is owned 100% by Ms. Demoff, and Ms. Demoff's ownership interest in BYW constitutes the property of this bankruptcy estate pursuant to 11 U.S.C. §541.

    It is my understanding that Ms. Demoff is holding herself out as the manager of BYW, and that, at the direction of Ms. Demoff, your firm filed a complaint entitled BYW Franchise Development, LLC. v. JH Devine Investments 10, LLC, et. al, United States District Court, District of Nevada, Case No. 2:11-cv-1568. Please be advised that Ms. Demoff has no authority to act on behalf of BYW. The actions of Ms. Demoff have not been authorized by the bankruptcy estate, myself as trustee, or the Court. To the extent that Ms. Demoff may not have been previously removed as manager of the LLC, please be advised that Ms. Demoff is hereby removed.

    It is my further understanding that your firm may have received a retainer in connection with this litigation. It is my position that any such retainer is the property of this bankruptcy estate. Pursuant to 11 U.S.C. §542(a), I request that any such funds held by your firm be turned over to me, on behalf of this estate, and that you provide an accounting of funds received in connection with this matter. I understand the position your firm is being put in, and thus it is my intent to file a motion with the Bankruptcy Court to authorize and direct your firm to turn over the funds to me, on behalf of this estate. In the meantime, please do not disburse any retainer funds, and do not transfer or destroy any file documentation you may have received from Ms. Demoff (including correspondence between your firm and Ms. Demoff), as I will be requesting that you provide me with copies.

Louis M. Bubala
Matthew J. Kreutzer
Armstrong Teasdale, LLP
October 4, 2011
Page 2

Please call should you have any comments or questions.

Very truly yours,

David M. Reaves
Chapter 7 Trustee