UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BYW FRANCHISE DEVELOPMENT, a  )
Nevada limited liability company,  )
                                   )
            Plaintiff,             )   Case No.: 2:11-cv-01568-GMN-GWF
   vs.                             )
                                   )   ORDER
JH DEVINE INVESTMENTS 10, INC., a  )
California corporation, and CHERIE )
HUILLADE, a California citizen,    )
                                   )
            Defendants.            )
_____)

Pending before the Court is the Motion to Dismiss (ECF No. 17) filed on October 25, 2011, by Defendants JH Devine Investments 10, Inc. and Cherie Huillade (collectively, "Defendants"). On November 11, 2011, Plaintiff BYW Franchise Development, LLC ("Plaintiff") filed a "Statement of Counsel for BYW Franchise Development, LLC Regarding Motion to Dismiss and to Enforce Binding Arbitration Provision." (ECF No. 18.) Defendants filed a Reply on November 16, 2011. (ECF No. 19.)

**I.   BACKGROUND**

Plaintiff is a Nevada limited liability company that offers "real estate investing seminars covering real estate strategies and opportunities to help potential real estate investors . . . ." (Compl. 2:18-19, ECF No. 1.) BYW operates through franchises where each franchisee operates in a specific geographic region and uses "BYW's name and authorized trademarks." (*Id.* at 3:5-6.) On March 17, 2010, Plaintiff and Defendants entered into a franchise agreement. (*Id.* at 4:4-6.) Subsequently, Plaintiff filed this action alleging that Defendants breached that contract by "failing to develop and operate its BYW Franchise." (*Id.* at 7:1-2.)

In response to Defendants' Motion to Dismiss, Plaintiff filed a "Statement of Counsel . . . Regarding Motion to dismiss and to Enforce Binding Arbitration Provision" ("Statement"). (Statement of Counsel, ECF No. 18.)  The Statement simply notifies the Court that Plaintiff's principal, Tonya Demoff, is the debtor in a case currently pending in the United States Bankruptcy Court for the District of Arizona and requests, without points and authorities, that this Court "withhold any decision on Defendants' Motion to Dismiss pending resolution by the Bankruptcy Court . . . ." (*Id.* at 3:3-5.)  Additionally, the Statement explicitly states that "counsel is not in a position to either oppose the Motion or agree to dismiss the matter." (*Id.* at 3:1-2.)

Subsequently, counsel for Plaintiff filed a motion requesting leave to withdraw from the case, (Mot. Withdraw as Att'y, ECF No. 20) which the Court granted (Order Grant'g Mot. Withdraw as Att'y, ECF No. 25).  In that Order, the Court specifically directed that Plaintiff "must retain new counsel if it intends to continue to litigate this matter." (*Id.* at 1:20-21.) Thereafter, the Court set a Status Conference that was held on September 7, 2012.  (Min. Order, ECF No. 32.)  With the exception of the trustee in Ms. Demoff's bankruptcy proceeding, no representative of the Plaintiff appeared at that Status Conference. (Mins. of Proceedings, ECF No. 33.)  In fact, at the status hearing, the bankruptcy trustee represented that he has exclusive authority over the Plaintiff and "has no intent to pursue this case." (Min. Order, ECF No. 34.) Moreover, Plaintiff has failed to retain new counsel and remains an unrepresented business entity.

## II. Plaintiff's failure to file an opposition with points and authorities violated District of Nevada Local Rule 7-2(d).

Pursuant to LCR 7-2(d), Local Rules of the United States District Court for the District of Nevada, every motion filed in the District of Nevada must include a list of points and authorities.  The rule explicitly states that "[t]he failure of an opposing party to file points and

authorities in response to any motion shall constitute a consent to the granting of the motion." LCR 7-2(d).  In fact, the Ninth Circuit has expressly approved of this rule and acknowledged that a district court is not required to examine the merits of an unopposed motion to dismiss before granting that motion pursuant to a local rule. *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (stating that "[f]ailure to follow a district court's local rules is a proper ground for dismissal").  However, before dismissing a case for failing to comply with a local rule, a district court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986).

Here, these factors overwhelmingly favor dismissal.  First, Plaintiff's continued disregard for this Court's Order dated January 6, 2012 requiring that Plaintiff retain counsel has virtually halted this litigation. (*See* Order Grant'g Mot. Withdraw as Att'y, ECF No. 25.) Additionally, Plaintiff failed to file a true opposition to Defendants' Motion resulting in further delay of this litigation.  Furthermore, the Ninth Circuit has repeatedly indicated that "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Second, "the Court's need to manage its docket is manifest." *Ward v. Bank of Am.*, 2:10-cv-00378-GMN, 2011 WL 346064, at *1 (D. Nev. Feb. 1, 2011); *see also State Farm Mut. Auto. Ins. Co. v. Ireland*, 2:07-cv-01541-RCJ, 2009 WL 4280282, at *3 (D. Nev. Nov. 30, 2009).  Third, Plaintiff's failure to respond to Defendants' Motion, along with Plaintiff's failure to retain counsel, has unreasonably delayed the resolution of this dispute, and such unreasonable delay "creates a presumption of injury to the defense." *Henderson*, 779 F.2d at 1423.  Defendants filed this motion more than ten (10) months ago (Defs.' Mot. to Dismiss, ECF No. 17) and Plaintiff was ordered to retain new counsel more than eight (8) months ago (Order Grant'g Mot. Withdraw as Att'y, ECF No. 25).

Accordingly, Plaintiff has had adequate time to respond; Plaintiff's delay is clearly unreasonable and has presumptively injured Defendants.  Finally, even in spite of the public policy favoring disposition of cases on their merits, Defendants' Motion should be granted. Plaintiff has failed to take any action to prosecute this case since its attorneys withdrew in January 2012, and has also failed to update its address with the Court.  Because the balance of these factors favors dismissal, Defendants' Motion to Dismiss is granted.

**III.    Plaintiff's failure to retain counsel violated a Court Order.**

Alternatively, Plaintiff's action is dismissed for failure to comply with a court order. Fed. R. Civ. P. 41(b).  In this case, the Court ordered Plaintiff to retain new counsel on January 26, 2012, after its previous counsel withdrew. (Order Grant'g Mot. Withdraw as Att'y, ECF No. 25.)  The Court entered this Order pursuant to the well-established rule that unincorporated associations "may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993); *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (stating that "[c]orporations and other unincorporated associations must appear in court through an attorney"); *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that default judgment may be entered against an artificial entity for failing to retain counsel).

Not only has Plaintiff failed to comply with this Court's Order, Plaintiff has also failed to take any action whatsoever in this litigation since December 2011, when Plaintiff's attorneys filed their Motion to Withdraw. (*See* Mot. Withdraw as Att'y, ECF No. 20.)  Accordingly, Plaintiff's action is dismissed for failure to "prosecute or to comply with . . . a court order . . . ." Fed. R. Civ. P. 41(b).

/ / /

/ / /

/ / /

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 17) is **GRANTED**.  The Clerk shall enter judgment accordingly, and close the case.

DATED this 21st day of September, 2012.

_____
Gloria M. Navarro
United States District Judge